[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S OBJECTIONS TO DEFENDANT'SINTERROGATORIES
1. As to Interrogatory #8, the plaintiff's objection is overruled. Unless the plaintiff provides on or before January 25, 1996, the names and addresses of the persons previously filing complaints against him, the complaint herein shall be dismissed.
2. As to Interrogatory #12, the objection is overruled. It is noted that the plaintiff at short calendar stated that he sustained no personal injuries to date as a result of the defendant's alleged conduct, and that to date, he has received no services from any health providers.
3. As to Interrogatory #15, the plaintiff's objections are overruled. At short calendar, the plaintiff admitted he sustained no lost income, no medical costs and no special losses. The plaintiff averred that he sustained an emotional distress but no special damages have resulted from this claim.
4. As to Interrogatory #16, plaintiff's objection is overruled. The plaintiff admitted that his claim for lost earnings has been withdrawn from the complaint.
5. As to Interrogatory #19, the objection is overruled. The plaintiff at court represented compliance to this interrogatory.
6. As to Interrogatory #21, the plaintiff's claim of CT Page 14468 individuals who purportedly read the alleged defamatory letter is restricted to the seven specific names submitted in his previous answer.
7. As to Interrogatory #22, the objection is overruled The plaintiff at court acknowledged that there were no client losses as a result of the defendant's alleged tort.
8. As to Interrogatory #23, the plaintiff's objection is overruled The plaintiff at court admitted that the sole business opportunity lost as a result of defendant's alleged conduct relates to one Robin Winnick retaining another lawyer for a legal matter. The plaintiff in court provided the defendant with Winnick's married name and her New York City address.
Most of the interrogatories were responded to by the plaintiff in open court on December 18, 1995. To the extent the remaining interrogatories are not in suitable compliance on or before January 25, 1996, the plaintiff's complaint shall be and is hereby ordered dismissed.
SO ORDERED,
(Spada), J.